MILTON C. GRIMES; SBN 59437
  miltgrim@aol.com
WESLEY G. OUCHI; SBN 297187
  w.ouchi@OuchiLawFirm.com
**LAW OFFICES OF MILTON C. GRIMES**
3774 West 54th Street
Los Angeles, California 90043
Telephone: (323) 295-3023
Fax: (323) 295-3708

Attorneys for Fouzia Almarou

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FOUZIA ALMAROU, an Individual,**<br><br>        Plaintiff,<br><br>vs.<br><br>**CITY OF GARDENA, a Municipal Entity, and DOES 1 through 10, inclusive,**<br><br>        Defendants. | **Case No.:  2:18-CV-04908**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CAUSES OF ACTION:**<br><br>1.  **Unreasonable Deadly Force (42 U.S.C. § 1983)**<br>2.  **Managerial and Supervisorial Liability (42 U.S.C. § 1983)**<br>3.  **Deprivation of Familial Relationship (42 U.S.C. § 1983)**<br>4.  **Deprivation of Familial Association (42 U.S.C. §1983)**<br><br>**DEMAND FOR JURY TRIAL** |

1.
COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

1.  COMES NOW Plaintiff, FOUZIA ALMAROU, an individual, alleging this Complaint for Damages, against Defendants, CITY OF GARDENA, and DOES 1 through 10, as follows:

## JURISDICTION AND VENUE

2.  The Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) through (4), as Plaintiff, FOUZIA ALMAROU, asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983, along with the Fourth, Fourteenth, and First Amendments to the Constitution of the United States.

3.  The Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of California, pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the Constitution of the United States.

4.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because Defendants, CITY OF GARDENA, and DOES 1 through 10, all reside in this District, while any and all incidents, events, and occurrences, giving rise to the Causes of Action, contained herein this Complaint for Damages, had occurred within this District.

2.
COMPLAINT FOR DAMAGES

## PARTIES AND RELEVANT ACTORS

5.  As alleged more fully below, this Complaint for Damages arises from the police officer involved shooting death of Decedent, KENNETH ROSS, hereafter referred to as "Decedent," which actually, legally, and proximately caused damages, pain and suffering, and emotional distress.

6.  Plaintiff, FOUZIA ALMAROU, is the natural mother of Decedent and asserts this Complaint for Damages in her capacity as a Successor in Interest, pursuant to Code of Civil Procedure § 377.10 et seq., including Section 377.60(b), and 42 U.S.C. §§ 1983 and 1988.

7.  Plaintiff, FOUZIA ALMAROU, alleges that she was a dependent of Decedent, pursuant to Section 377.60(b), who provided the necessities of life, which included, but was not limited to, income used towards paying for rent, food, utilities, living expenses, and etc., for which she is now deprived.

8.  Plaintiff, FOUZIA ALMAROU, also asserts this Complaint for Damages, in her individual capacity, pursuant to 42 U.S.C. §§ 1983 and 1988, for the deprivation of her Rights to a familial relationship and association, as guaranteed under the Fourteenth and First Amendments to the Constitution of the United States.

3.
COMPLAINT FOR DAMAGES

9.  At all relevant times, Defendant, CITY OF GARDENA, was a municipal corporation, which exists under the Laws of the State of California, and was the employer of Defendants, DOES 1 through 10.

10.  On information and belief, at all relevant times, Defendants, DOES 1 through 10, were residents of the County of Los Angeles, in the State of California, and are sued individually and in their official capacity, as defined in the present Complaint for Damages.

11.  At all relevant times, Defendants, DOES 1 through 10, were duly appointed officers, employees, or agents of Defendant, CITY OF GARDENA, subject to oversight and supervision by the CITY OF GARDENA's elected and non-elected officials.

12.  The true names and capacities, whether individual, corporate, association, or otherwise of Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiff, FOUZIA ALMAROU, who otherwise sues these Defendants, DOES 1 through 10, by such fictious names.

13.  Plaintiff, FOUZIA ALMAROU, will seek leave to amend this Complaint for Damages to show the true names and capacity of these Defendants, DOES 1 through 10, when they have been ascertained.

4.
COMPLAINT FOR DAMAGES

## FACTS COMMON TO ALL COUNTS

14.  Plaintiff, FOUZIA ALMAROU, repeats and re-alleges each and every allegation, in Paragraph 1 through 13 of this Complaint for Damages, with the same force and effect as if fully set forth and stated herein.

15.  On April 11, 2017, at approximately 2:30 p.m., in the CITY OF GARDENA, California, near the intersection of 135th Street and Van Ness Avenue, Decedent was fatally shot, by Defendant Officers, DOES 1 through 10.

16.  Particularly, Plaintiff, FOUZIA ALMAROU, alleges that witnesses observed Defendant Officers, DOES 1 through 10, exit their police cruisers and draw two (2) rifles on Decedent.

17.  Plaintiff, FOUZIA ALMAROU, alleges that Defendant Officers, DOES 1 through 10, proceeded to discharge their firearms at Decedent, thereby striking him in the upper torso.

18.  Due to the forced applied by Defendants, DOES 1 through 10, Decedent was caused to be transported to a local hospital, where he was pronounced dead, due to sustaining the fatal wounds, stemming from this officer involved shooting.

5.
COMPLAINT FOR DAMAGES

19.  Plaintiff, FOUZIA ALMAROU, alleges that Decedent did not pose a deadly threat to Defendants, DOES 1 through 10, or anyone else, and that the amount of forced applied was excessive, thereby causing his death.

20.  Furthermore, Plaintiff, FOUZIA ALMAROU, alleges that Defendant Officers, DOES 1 through 10, did not recover any firearm or weapon at the scene of the fatal police officer involved shooting of Decedent.

21.  As an actual, legal, and proximate result of the aforementioned intentional, deliberately indifferent, reckless, negligent, and unreasonable acts and omissions of Defendants, and each of them:

a.  Plaintiff had incurred funeral and burial expenses for Decedent;

b.  Plaintiff had suffered the loss of her son along with the love, society, affection, companionship, contributions, associations, and support;

c.  Decedent suffered and incurred damages, including but not limited to, medical expenses, and pain and suffering, as a result of the unreasonable use of deadly force in violation of the Fourth Amendment, which Plaintiff may recover as Decedent's Successor in Interest.

6.
COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

**Violation of Decedent's Right under the Fourth Amendment to be Secure in His Person and Free from Excessive Force, Pursuant to 42 U.S.C. §§ 1983**

**[Against Defendants, DOES 1 through 10, inclusive]**

22.  Plaintiff, FOUZIA ALMAROU, repeats and re-alleges each and every allegation, in Paragraph 1 through 21 of this Complaint for Damages, with the same force and effect as if fully set forth and stated herein.

23.  Plaintiff, FOUZIA ALMAROU, asserts this First Cause of Action for the violation of Decedent's Rights secured by the Fourth Amendment to the Constitution of the United States, pursuant to 42 U.S.C. §§ 1983 and 1988, and California Code of Civil Procedure § 377.20 et seq., including Section 377.60(b), in her capacity as Decedent's successor in interest, as a financial dependent.

24.  On or about April 11, 2018, near the intersection of 135th Street and Van Ness Avenue, Defendant Officers, DOES 1 through 10, inclusive, had intentionally, recklessly, deliberately, indifferently, negligently, unreasonably, and fatally shot, wounded, and killed Decedent.

25.  Plaintiff, FOUZIA ALMAROU, alleges that Defendant Officers, DOES 1 through 10, shot, wounded, and killed Decedent despite the fact that they: (i) did

7.
COMPLAINT FOR DAMAGES

not have probable cause or reason to believe that either they, or anyone else, were in danger of being killed by Decedent or sustaining severe bodily harm caused by Decedent.

26.  Plaintiff, FOUZIA ALMAROU, alleges that Defendants, DOES 1 through 10, inclusive, had intentionally, recklessly, deliberately, indifferently, negligently, and unreasonably failed and refused to intervene or make any effort to prevent Defendant Officers, DOES 1 through 10, from shooting, wounding, and killing Decedent.

27.  As an actual, legal, and proximate result of the intentional, deliberate, indifferent, reckless, unreasonable, negligent, and otherwise wrongful conduct of Defendants, DOES 1 through 10, inclusive, Decedent was fatally shot, wounded, and killed.

28.  In engaging in the conduct alleged above, Defendant Officers, DOES 1 through 10, inclusive, seized and used excessive and unreasonable deadly force against Decedent without: (a) any reason or justification; or (b) probable cause to believe, or a reasonable belief, that said Defendants or anyone else were in danger of sustaining any injury, much less serious bodily injury or death.

8.
COMPLAINT FOR DAMAGES

29.  As a result, Decedent suffered great physical pain and emotional distress, loss in the enjoyment of life, death, and loss of earning capacity.

30.  The conduct of Defendants, DOES 1 through 10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore, warrants the imposition of exemplary and punitive damages as to Defendants, DOES 1 through 10.

31.  The shooting was excessive and unreasonable, especially because Decedent posed no immediate threat of death or serious bodily injury at the time of the incident.  Further, Defendants, DOES 1 through 10, had applied deadly force, which violated the standard of police officer training.

32.  Plaintiff brings this claim as a Successor in Interest to Decedent and seeks both survival and wrongful death damages for the violation of Decedent's rights.

33.  Plaintiff is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

9.
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

**Municipal and Supervisorial Liability for the Violation of Decedent's Civil**

**Rights Pursuant to 42 U.S.C. §§ 1983, 1988**

**[Against Defendants, CITY OF GARDENA, and DOES 1 through 10,**

**Inclusive]**

34.  Plaintiff, FOUZIA ALMAROU, repeats and re-alleges each and every allegation, in Paragraph 1 through 33 of this Complaint for Damages, with the same force and effect as if fully set forth and stated herein.

35.  Plaintiff, FOUZIA ALMAROU, alleges that the policies, customs, practices, training programs, and investigative procedures of Defendants, CITY OF GARDENA, and DOES 1 through 10, caused Decedent's damages and injuries, including but not limited to, the deprivation of his civil rights, for which Defendants, CITY OF GARDENA, and DOES 1 through 10, are directly liable.

36.  Plaintiff, FOUZIA ALMAROU, alleges that Defendant Officers, DOES 1 through 10, acted under color of law and pursuant to an expressly adopted official policy or longstanding practice or custom of Defendant, CITY OF GARDENA, and DOES 1 through 10.

10.
COMPLAINT FOR DAMAGES

37.  On information and belief, Defendant Officers, DOES 1 through 10, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the abovementioned police officer involved shooting that caused the death of Decedent.

38.  Defendants, CITY OF GARDENA, and DOES 1 through 10, together with other policymakers and supervisors of the CITY OF GARDENA, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a.  Using both excessive force and excessive deadly force;

    b.  Applying the use of weapons such are firearms, pepper spray, Tasers, batons, beanbag guns, shields, and etc.

    c.  Providing inadequate training regarding the use of force including deadly force;

    d.  Providing inadequate training regarding the use of weapons, such as firearms, pepper spray, Tasers, batons, beanbag guns, and etc.

    e.  Employing and retaining as police officers, DOES 1 through 10, whom Defendant, CITY OF GARDENA, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive deadly force;

11.
COMPLAINT FOR DAMAGES

f.  Inadequately supervising, training, controlling, assigning, and disciplining the CITY OF GARDENA's officers, and other personnel, including Defendants, DOES 1 through 10, whom Defendant, CITY OF GARDENA, knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

g.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by Defendant, CITY OF GARDENA's officers, including Defendants, DOES 1 through 10, especially as it pertains to incidents, allegations, and claims of applying excessive and unreasonable force.

h.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by Defendant, CITY OF GARDENA's officers, which prevented the identification of "problem" officers or persons with propensities towards using excessive force, which required termination, retraining, greater supervision, discipline, transfer, or suspension.

i.  Failing to adequately discipline Defendant, CITY OF GARDENA's police officers, including Defendants, DOES 1 through 10, for the above-

12.
COMPLAINT FOR DAMAGES

referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

j.  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes.

k.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

l.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and beatings, within the CITY OF GARDENA, including the failure to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings and beatings of unarmed people.

13.
COMPLAINT FOR DAMAGES

39.  The deficiency of these policies, customs, and practices is further demonstrated by the increasing number of deaths, involving similarly situated persons, either preceding or following this incident, caused by officers of the GARDENA POLICE DEPARTMENT, who have applied excessive and deadly force, which have been substantially documented in the local and national media, social media websites, camera phone footage, and at City Council Meetings.

40.  The failure of Defendants, CITY OF GARDENA, and DOES 1 through 10, to change, correct, or modify their policies, customs, practices, training programs, and investigative procedures has led to the continuing epidemic of police officer involved shooting deaths, both in the CITY OF GARDENA and surrounding County and Municipalities, of similarly situated persons, where excessive and deadly force is inappropriately and fatally applied.

41.  By reason of the aforementioned acts and omissions, Plaintiff has been deprived of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent.

42.  The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

14.
COMPLAINT FOR DAMAGES

43.  Defendants, CITY OF GARDENA, and DOES 1 through 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the forgoing Paragraphs.

44.  Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, thereby ratified such policies.

45.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other similarly situated individuals.

46.  By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants, DOES 1 through 10, acted with intentional, reckless, and callous disregard for the life of Decedent, along with both his and Plaintiff's constitutional rights.

47.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant, CITY OF GARDENA, and DOES 1 through 10, were affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiff.

15.
COMPLAINT FOR DAMAGES

48.  Accordingly, Defendants, CITY OF GARDENA, and DOES 1 through 10, each are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

49.  Plaintiff brings this claim individually and as a Successor in Interest to Decedent and seeks both survival and wrongful death damages under this claim.

50.  Plaintiff further seeks and is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

## THIRD CAUSE OF ACTION

**Violation of Plaintiff's Rights, under the Fourteenth Amendment, to the Constitution to the United States, to a Familial Relationship, Pursuant to 42 U.S.C. §§ 1983**

**[Against Defendants, DOES 1 through 10, inclusive]**

51.  Plaintiff, FOUZIA ALMAROU, repeats and re-alleges each and every allegation, in Paragraph 1 through 50 of this Complaint for Damages, with the same force and effect as if fully set forth and stated herein.

52.  Plaintiff asserts this Third Cause of Action for violation of her and Decedent's Rights under the Fourteenth Amendment to the Constitution of the United States to a familial relationship and companionship with Decedent,

16.
COMPLAINT FOR DAMAGES

pursuant to 42 U.S.C. § 1983, in both her individual capacity, and as a Successor in Interest, pursuant to California Code of Civil Procedure § 377.20 et seq., including Section 377.60(b).

53.  By engaging in this conduct, as alleged in the foregoing Causes of Action, Defendants, DOES 1 through 10, inclusive, were deliberately indifferent to, or acted with reckless disregard of Plaintiff's Rights, under the Fourteenth Amendment, to the Constitution of the United States, to a familial relationship and companionship with Decedent, by using excessive and deadly force against Decedent, resulting in his death and the termination of this familial relationship.

54.  In addition, or in the alternative to the abovementioned allegations, Plaintiff is informed, believe and therefore alleged that, in performing the actions alleged above, Defendants, DOES 1 through 10, inclusive, acted with a purpose to cause harm unrelated to the legitimate use of force necessary to protect the public and themselves.

55.  As a direct and proximate result of the wrongful acts and omissions of Defendants, DOES 1 through 10, and each of them, as alleged hereinabove, Defendants, DOES 1 through 10, have deprived Plaintiff of the life of Decedent,

17.
COMPLAINT FOR DAMAGES

and of his love, comfort, affection, society, and support, all to their general damage in an amount to be established at the time of trial.

56.  The aforementioned conduct of the individual Defendants, DOES 1 through 10, inclusive, was done maliciously, oppressively, and with an intent to deprive Plaintiff of her Right to a familial relationship with the Decedent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

57.  Plaintiff brings this claim individually and as a Successor in Interest to Decedent and seeks both survival and wrongful death damages.

58.  Plaintiff is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

## FOURTH CAUSE OF ACTION

**Violation of Plaintiff's Individual Right to a Familial Association, under the First Amendment to the Constitution of the United States, Pursuant to 42 U.S.C. § 1983**

**[Against Defendants, DOES 1 through 10]**

18.
COMPLAINT FOR DAMAGES

59.  Plaintiff, FOUZIA ALMAROU, repeats and re-alleges each and every allegation, in Paragraph 1 through 55 of this Complaint for Damages, with the same force and effect as if fully set forth and stated herein.

60.  Plaintiff, FOUZIA ALMAROU, the natural mother of Decedent, brings this Cause of Action, in her individual capacity, for the deprivation of the Right to a Familial Association, as guaranteed by the First Amendment, to the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

61.  Plaintiff, FOUZIA ALMAROU, possessed a deep attachment and commitment with Decedent, as his natural mother, and not only shared a special community of thoughts, experiences, and beliefs, but also a distinctively personal aspect of their lives, which was protected by their Right to Familial Association, as guaranteed by the First Amendment to the Constitution of the United States.

62.  Due to the actions of Defendants, DOES 1 through 10, in discharging their firearms and applying excessive and deadly force against Decedent, thereby causing his death, Defendants had deprived Plaintiff, FOUZIA ALMAROU, of her Right to a family association with Decedent.

63.  The conduct of Defendants, DOES 1 through 10, not only caused injuries and damages to Decedent's civil and constitutional rights, but was done

19.
COMPLAINT FOR DAMAGES

with a willful, wanton, malicious, and reckless disregard for her rights, safety, and life, for which an award of punitive and exemplary damages is warranted.

64.  Plaintiff brings this claim individually and as a Successor in Interest to Decedent and seeks both survival and wrongful death damages under 42 U.S.C. § 1983.

65.  Plaintiffs further claim relief in the form of attorneys' fees and costs pursuant to U.S.C. § 1988.

**ATTORNEYS' FEES AND COSTS**

66.  Pursuant to the provisions of 42 U.S.C. §§ 1983, 1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs associated with the prosecution of this action in an amount to be determined according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests entry of judgement in her favor and against Defendants as follows:

a.  General Damages – In an amount to be proven at trial;

b.  Special Damages – in an amount to be proven at trial;

20.
COMPLAINT FOR DAMAGES

c.  Punitive Damages – Against the individual Defendants in an amount to be proven at trial;

d.  An award of prejudgment interest;

e.  An award of post-judgement interest pursuant to 28 U.S.C. § 1961(a);

f.  Attorneys' fees and costs of suit incurred herein; and

g.  For such other and further relief as the Court deems just and proper.

Date:  May 6, 2018                    LAW OFFICES OF MILTON C. GRIMES

By: */s/ Wesley G. Ouchi                    /*
Attorneys for Fouzia Almarou,
an individual

## **DEMAND FOR JURY TRIAL**

Plaintiff, FOUZIA ALMAROU, hereby respectfully demands a trial by jury in this matter.

Date:  May 6, 2018                    LAW OFFICES OF MILTON C. GRIMES

By: */s/ Wesley G. Ouchi                    /*
Attorneys for Fouzia Almarou,
an individual

21.
COMPLAINT FOR DAMAGES